IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERTIE W. BECKWITH

v.                                           Case No.: RWT 13cv3312

NATIONAL RAILROAD
PASSENGER CORPORATION

## MEMORANDUM OPINION AND ORDER

On December 7, 2012, Plaintiff Bertie W. Beckwith filed a complaint against National Railroad Passenger Corporation ("Amtrak") and the State of Maryland in the Circuit Court for Prince George's County alleging that she slipped and fell on a MARC train and requesting damages in the amount of $500,000. ECF No. 2. Service was not initially effected on the Defendants, and therefore, on May 24, 2013, the Circuit Court for Prince George's County entered Judgment dismissing the matter for lack of jurisdiction. *See* ECF No. 18, Exhibit D. On July 30, 2013, the Plaintiff filed a Motion for Reconsideration of Dismissal, ECF No. 6, which was granted in part on August 7, 2013. ECF No. 8. On August 30, 2013, the Plaintiff filed a Motion to Reissue Summons and on October 8, 2013, she served the summons and complaint on Amtrak.[1] ECF Nos. 9, 10, 11.

On November 5, 2013, Amtrak filed a Motion to Dismiss for Lack of Jurisdiction and Insufficiency of Process. ECF No. 18. On November 6, 2013, Amtrak removed the case to this Court. ECF No. 14. On February 7, 2014, the Court sent correspondence to the Plaintiff notifying

---

[1] On October 11, 2013, Plaintiff dismissed the State of Maryland from the action. *See* ECF No. 18, Exhibit D.

her of her right to respond to the motion within seventeen days. ECF No. 22. The Plaintiff has not filed a response.

Amtrak's unopposed Motion to Dismiss for Lack of Jurisdiction and Insufficiency of Process is well taken. Amtrak was never properly served, the case was therefore dismissed, and the Plaintiff failed to timely request reconsideration of the dismissal. After the initial dismissal in May, 2013, the Plaintiff could request that the Circuit Court for Prince George's County exercise its revisory power under two circumstances: either (a) within 30 days after entry of judgment or (b) at any time "in case of fraud, mistake, or irregularity." *See* MD Rule 2-535. The Plaintiff's motion for reconsideration was filed over sixty days after the dismissal and she did not make a showing of fraud, mistake, or irregularity. The bases for her motion for reconsideration were that (1) her counsel was "unable" to serve Amtrak, (2) her counsel did not receive a copy of the notice of dismissal, and (3) she would be prejudiced by dismissal because she could not refile her complaint due to the statute of limitations having run. ECF No. 6. These reasons are not enough to constitute fraud, mistake or irregularity as required by Maryland Rule 2-535. To the extent that any alleged failure of the court or clerk to deliver notice of the dismissal to her counsel would be an irregularity, a "defendant seeking to reopen an enrolled judgment must show that such an irregularity existed by clear and convincing evidence." *Estime v. King*, 9 A.3d 148, 153 (Md. Ct. Spec. App. 2010) (discussing when failure of an employee of the court or clerk's office to perform a duty required by statute or Rule constitutes irregularity under 2-535(b)). The Plaintiff did not allege that this constituted an irregularity, let alone make such a showing by clear and convincing evidence.

After Plaintiff's complaint was dismissed in May, 2013, she failed to timely exercise any post-judgment remedies and she failed to allege any basis for the Circuit Court for Prince

George's County to exercise its revisory authority under Rule 2-535. Accordingly, it is this 25th day of March, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion to Dismiss for Insufficiency of Process and Lack of Jurisdiction (ECF No. 18) is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's Complaint (ECF No. 2) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE